NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 7 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

REYES LARA GUZMAN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-2020

Agency No.
A075-105-085

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2024[**]
Portland, Oregon

Before: GOULD, BRESS, and KOH, Circuit Judges.

Reyes Lara Guzman (Lara Guzman), a native and citizen of Mexico, petitions

for review of a Board of Immigration Appeals (BIA) decision affirming an

Immigration Judge (IJ) order denying his application for withholding of removal and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture (CAT). Because the BIA affirmed the IJ decision without opinion, "we treat the IJ's decision as that of the BIA," *Sinha v. Holder*, 564 F.3d 1015, 1019–20 (9th Cir. 2009), and review findings of fact for substantial evidence. *Sharma v. Garland*, 9 F.4th 1052, 1060, 1066 (9th Cir. 2021). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the denial of Lara Guzman's application for withholding of removal. To establish eligibility for withholding of removal, Lara Guzman must show "that it is more likely than not" that he will be persecuted if returned to Mexico "because of" membership in a particular social group or other protected ground. *Barajas-Romero v. Lynch*, 846 F.3d 351, 357, 360 (9th Cir. 2017); *see* 8 U.S.C. § 1231(b)(3)(A). To meet his burden, Lara Guzman must demonstrate a nexus between his past or feared harm and a protected ground. *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021). There is a nexus to a protected ground if the petitioner shows that a protected ground was "a reason" for the past or feared harm. *Barajas-Romero*, 846 F.3d at 360.

Substantial evidence supports the IJ's finding that it would not be unreasonable for Lara Guzman to relocate within Mexico to avoid future

persecution. Because Lara Guzman has not established past persecution, he bears the burden of establishing that it would not be reasonable for him to relocate to avoid future persecution. *See* 8 C.F.R. § 1208.16(b)(3)(i). The IJ found that Lara Guzman's mother successfully relocated within Mexico and has largely avoided harassment or violence as a result. The IJ further concluded that Lara Guzman could avoid future persecution by similarly relocating. While Lara Guzman asserts that widespread violence in Mexico would make relocation impossible, the generic out-of-record evidence that he proffers does not "compel[] a contrary conclusion" to that of the agency. *Duran-Rodriguez*, 918 F.3d at 1028.

Even without the relocation finding, substantial evidence supports the agency's denial of withholding of removal. *First*, Lara Guzman's asserted imputed political opinion of opposing gang violence does not qualify as a cognizable political opinion for withholding purposes. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1017–18 (9th Cir. 2023) (rejecting refusal to "submit to violence by criminal groups/gangs" as a political opinion that can qualify for asylum and withholding of removal).

*Second*, substantial evidence supports the agency's determination that there is no nexus between Lara Guzman's cited incidents of past violence and extortion threats against his family members and his proposed social group consisting of "members of the Lara Guzman family." Although the incidents involving Lara

Guzman's family members are unfortunate, substantial evidence supports the IJ's determination that these incidents were based on general criminality in Mexico. And criminal acts by gang members "motivated by theft or random violence . . . bear[] no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

*Third*, Lara Guzman's alternative proposed social group "returning Mexicans after residency in the United States who will be perceived as wealthy," is not cognizable. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228–29 (9th Cir. 2016) (holding that that "the proposed group of 'imputed wealthy Americans' is not a discrete class of persons recognized by society as a particular social group").

For all these reasons, substantial evidence supports the denial of withholding of removal.

2. Substantial evidence also supports the denial of CAT relief. "To qualify for CAT relief, a petitioner must show that []he more likely than not will be tortured if []he is removed to h[is] native country." *Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013). Lara Guzman does not allege that he has been tortured in the past. Nor does the record compel the conclusion that Lara Guzman "will more likely than not be tortured with the consent or acquiescence of a public official if removed" to Mexico. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). While Lara Guzman testified about police corruption and violence, this "generalized

evidence of violence and crime in Mexico" does not compel the conclusion that Lara Guzman is eligible for CAT relief. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Substantial evidence thus supports the agency's conclusion that Lara Guzman has not demonstrated a likelihood of future torture in Mexico by or with the acquiescence of the Mexican government.

**PETITION DENIED.**[1]

---

[1] Lara Guzman's motion to stay removal, Dkt. 4, is denied. The temporary stay of removal shall remain in place until the mandate issues.